**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBIN ZAHRAN and | ) | |
| KAREN ZAHRAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| TRANSUNION CREDIT INFORMATION | ) | |
| SERVICES CO., TRANS-UNION, EQUIFAX | ) | |
| CREDIT INFORMATION SERVICES, INC., | ) | |
| EXPERIAN, INFORMATION SOLUTIONS, | ) | |
| INC., BANK OF AMERICA (Successor in | ) | |
| Interest to MBNA and LaSalle Bank), | ) | |
| CREDITOR INTERCHANGE LLC, | ) | |
| DISCOVER FINANCIAL SERVICES, CITI | ) | |
| BANK, BARCLAY BANK, REPUBLIC | ) | |
| BANK OF ILLINOIS, P.N.C. BANK | ) | |
| (Successor in Interest to National City Bank), | ) | |
| and LASALLE BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Defendant PNC Bank, N.A. ("PNC"), by its attorneys, Michael I Rothstein and Brian C. Haussmann, hereby removes this action from the Circuit Court of Cook County, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, with full reservation of all defenses and objections. In support of this Notice of Removal, PNC states the following:

**I. Basis for Jurisdiction**

1. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1331. This action for relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, could have been filed originally in this Court pursuant to 28 U.S.C. § 1331 because it

arises under federal law.  In addition, this Court may – and under the circumstances should – exercise its supplemental jurisdiction over Plaintiffs' additional state law claims pursuant to 28 U.S.C. § 1367.

## II. Background

2.  On November 18, 2013, Plaintiffs Robin Zahran and Karen Zahran (together "Plaintiffs") filed a complaint (the "Complaint") against PNC and various other defendants in the Circuit Court of Cook County, Law Division, bearing the above caption[1] and case number 2013-L-01327 (the "State Court Action").

3.  Plaintiffs have yet to serve a Summons and Complaint on PNC or any other defendant, and no other proceedings have been had in the State Court Action.  Nevertheless, copies of all process, pleadings, and orders that are publicly available and that have been filed in the State Court Action are attached hereto and are collectively incorporated by reference as **Exhibit A**.

4.  Plaintiffs first filed the State Court Action on November 18, 2013 and have not yet served PNC with a Summons or Complaint in that action.  Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

5.  In addition, while 28 U.S.C. § 1446(b)(2)(A) requires defendants that have been "properly joined and served" in a state court action to consent to removal, in this case Plaintiffs have not served any defendant in the State Court Action.  Illinois courts require the Sheriff's office to serve process absent leave of court upon motion.  *See* 735 ILCS 5/2-202.  On December 10, 2013, Diane Tasic, a paralegal working at the direction of the undersigned attorney,

---

[1] The caption in the State Court Action lists "P.N.C. Bank  (Successor in Interest to National City Bank)" as a defendant.  PNC Bank, N.A. is the only such successor in interest.  In addition, PNC Bank, N.A. was the only party to the contract Plaintiffs have alleged was breached. (Compl. at Ex. 10.)  Accordingly, PNC Bank, N.A. is the proper party defendant.

contacted the Cook County Sheriff's office and learned that Plaintiffs had not placed any Summons or the Complaint for service with the Sheriff's office in the State Court Action. (*See* Declaration of Diane Tasic, Attached as **Exhibit B** to this Notice of Removal, ¶¶ 3-5.) Nor have Plaintiffs filed any motion in the State Court Action to serve process by other means. (*See id.*, ¶¶ 7-9, Ex. 1.) Accordingly, the consent of the remaining defendants to removal is not required.[2] *See* 28 U.S.C. § 1446(b)(2)(A).

6. The Complaint alleges that PNC violated the FCRA, 15 U.S.C. § 1681 *et seq.* (Compl., Counts XII-XIV). The Complaint also purports to state six additional state law claims against PNC: fraud in the inducement, breach of contract, fraud, violation of the Illinois Deceptive Practices Act, estoppel, and defamation. (*Id.*, Counts VII-XI, XV.)

7. The gist of Plaintiffs' Complaint against PNC is that PNC, as a bank that furnishes information to credit reporting agencies, inaccurately reported the status of Plaintiffs' account with PNC. (Compl., ¶¶ 44-51, Exs. 10-12.)

8. Plaintiffs have alleged similar but unrelated claims against the remaining defendants. (*See generally* Compl., ¶¶ 15-43, 52, 53-56, 57-60, 61-62, 63-66, 67-73, 74-81, 82-87 (alleging a number of distinct, unrelated transactions Plaintiffs claim were misreported to or by the credit reporting agencies).)

### III. Federal Question Jurisdiction Exists Here

9. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In

---

[2] The remaining defendants are also not "properly joined" as defendants in this action against PNC for purposes of 28 U.S.C. § 1446(b)(2)(A) because, among other reasons, Plaintiffs do not appear to assert any relief against the defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A); *see generally* Exhibit A. The remaining defendants' consent to removal is therefore not required for this additional reason.

addition, the FCRA itself provides for federal jurisdiction: "An action to enforce any liability created under this subchapter [the FCRA] may be brought in any appropriate United States district court, without regard to the amount in controversy." 15 U.S.C. § 1681p. Thus, because Plaintiffs have asserted claims under the FCRA (Compl., Counts XII-XIV), this Court has jurisdiction under Section 1331, and removal is therefore proper. *See Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009) (removal of action under the FCRA on federal question grounds was proper).

### IV. Supplemental Jurisdiction Over Plaintiffs' State Law Claims.

10. The Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Section 1367(a) provides in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. In this case, each of Plaintiffs' state law claims against PNC arises out of PNC's handling of the same account and its reports to the credit reporting agencies concerning the account. Plaintiffs allege that PNC either falsely reported negative information about a particular account to unidentified credit reporting agencies or failed to correct negative information previously provided to the credit reporting agencies. (*See* Compl., ¶¶ 44-51, Exs. 10-12.) These allegations form the basis of – and are incorporated into – each of Plaintiffs' claims against PNC. (*See* Compl., ¶¶ 130, 141, 147, 157, 161, 168, 179, 202.)

12. As such, Plaintiffs' state law claims arise out of the same case or controversy as their FCRA claims, and the Court should therefore exercise supplemental jurisdiction over the state law claims. *See Hukic*, 588 F.3d at 429-30 (exercising supplemental jurisdiction in an

4

FCRA case over plaintiff's state law claims for breach of contract, tortious interference, defamation and intentional infliction of emotional distress).

### V. Notice Given.

13. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiffs, and a copy will be promptly filed with the Clerk of the Circuit Court of Cook County, Law Division pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit C**.

### VI. Venue.

14. Venue in this district is proper pursuant to 28 U.S.C. § 1446(a) because the State Court Action is currently pending in the Law Division of the Circuit Court of Cook County, Illinois, which is a court within the jurisdiction of the United States District Court for the Northern District of Illinois.

### VII. Non-Waiver of Defenses

15. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter, including without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**ACCORDINGLY,** this Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and Defendant PNC Bank, N.A. hereby respectfully removes this action from the Circuit Court of Cook County, Illinois to this Court.

Dated: December 10, 2013         Respectfully submitted,

**PNC BANK, N.A.**

/s/: Brian C. Haussmann

Michael I Rothstein
Brian C. Haussmann
TABET DIVITO & ROTHSTEIN LLC
The Rookery Building
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604
Telephone: (312) 762-9476
Facsimile: (312) 762-9451
*Attorneys for Defendant PNC Bank, N.A.*