**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBIN ZAHRAN** and **KAREN ZAHRAN**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 13 C 8804 |
| ) | |
| **TRANSUNION CREDIT INFORMATION** ) | |
| **SERVICES CO./TRANS-UNION**, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM ORDER</u>**

Because pro se plaintiffs Robin and Karen Zahran (collectively "Zahrans") originally filed their Complaint in the Circuit Court of Cook County, they cannot be charged with having violated the Fed. R. Civ. P. ("Rule") 8(a)(2) mandate that a federal court plaintiff must file "a short and plain statement of the claim showing that the pleader is entitled to relief" (although even in the Illinois state courts' fact-pleading regime Zahrans' 209-paragraph Complaint is over the top). That prolix pleading, coupled with the requirement of this District Court's LR 10.1, has created a dismayingly bulky chambers file as each of the numerous targeted defendants weighs in with its responsive pleading.

Now Equifax Information Services LLC ("Equifax") has filed its Answer and Affirmative Defenses to Zahrans' Complaint -- and although this Court will not waste its resources on a paragraph-by-paragraph review of the components of that necessarily lengthy responsive pleading,[1] this sua sponte memorandum order will instead limit itself to targeting one particularly

---

[1] For example, no effort will be made here to determine whether and to what extent Equifax's ubiquitous Rule 8(b)(5) disclaimers or its less frequent denials may violate the subjective and objective good faith requirements of Rule 11(b), or whether and to what extent Equifax's
(continued)

improper and annoying aspect of the Equifax Answer.

As already indicated, the vast bulk of Equifax's responses to Zahrans' Complaint take the form of invocations of the Rule 8(b)(5) disclaimer format to avoid having to admit or deny the corresponding allegations of Zahrans' Complaint. But then having done so, Equifax's counsel follows each of the those disclaimers with the language "and, therefore, denies those allegations." It is of course totally oxymoronic for a party (or its counsel) to assert (presumably in good faith) that the party lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is totally at odds with the pleader's obligations under Rule 11(b) referred to in n.1, the quoted language is stricken from each of those paragraphs of the Answer.

                                                               */s/ William D. Shadur*
                                                            Milton I. Shadur
                                                            Senior United States District Judge

Date: February 19, 2014

---

(footnote continued)

Defenses are at odds with the principles of Rule 8(c) and the caselaw applying it (in that respect, see also App'x ¶ 5 to <u>State Farm Mutual Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001).