IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBIN ZAHRAN** and **KAREN ZAHRAN**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 8804 |
| | ) | |
| **TRANSUNION CREDIT INFORMATION SERVICES CO./TRANS-UNION**, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Experian Information Solutions, Inc. ("Experian") has filed an amendment to its original Answer and Affirmative Defenses responding to the First Amended Complaint ("FAC") brought by Robin and Karen Zahran (collectively "Zahrans") against Experian and a group of other defendants. That Experian amendment responds only to FAC Count IX, permitting its earlier responsive pleading to stand unaltered as to other portions of Zahrans' allegations that also target Experian.

Although this Court is of course mindful of the burdens imposed on the numerous defendants by Zahrans' extraordinarily prolix and multi-targeted pleadings, a subject that is expected to be addressed in the future, Zahrans' defendants are also expected to comply with the federal standards of pleading. And in that respect one aspect of Experian's current filing is problematic.

In each of four paragraphs (Answer ¶¶ 112, 113, 120 and 121) Experian challenges the FAC's corresponding allegations as to the Fair Credit Reporting Act by stating in part that it "denies all allegations of Paragraph -- that are inconsistent with the Fair Credit Reporting Act." Although Experian may or may not be correct in criticizing the FAC's allegations as inaccurate,

neither this Court nor any other reader should be called upon to guess just what Experian's counsel means by "inconsistent" with the legislation referred to in the FAC. Notice pleading should be the order of the day for litigants on the right side of the "v." sign as well as those on the left side.

Accordingly the four above-cited paragraphs of Experian's Answer are stricken, but with leave to file replacement answers on or before April 14, 2014. There is no need for Experian's counsel to replace the entire current pleading with a self-contained rewrite.

                                                                     _____
                                                                     Milton I. Shadur
                                                                     Senior United States District Judge

Date: March 31, 2014