## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ROBIN ZAHRAN** and **KAREN ZAHRAN**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 13 C 8804 |
| ) | |
| **TRANSUNION CREDIT INFORMATION** ) | |
| **SERVICES CO., TRANS-UNION, EQUIFAX** ) | |
| **CREDIT INFORMATION SERVICES, INC.,** ) | |
| **EXPERIAN, INFORMATION SOLUTIONS,** ) | |
| **INC., BANK OF AMERICA (Successor in** ) | |
| **Interest to BNA and LaSalle Bank),** ) | |
| **CREDITOR INTERCHANGE LLC,** ) | |
| **DISCOVER FINANCIAL SERVICES, CITI** ) | |
| **BANK, BARCLAY BANK, REPUBLIC** ) | |
| **BANK OF ILLINOIS, P.N.C. BANK** ) | |
| **(Successor in Interest to National City Bank),** ) | |
| and **LASALLE BANK**, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM ORDER

This Court has received a May 5 letter from attorney Douglas Cipriano ("Cipriano," counsel for co-plaintiff Karen Zahran) that provides a thorough explanation of the status of any pending motions to dismiss in this action, as well as providing a proposed "Stipulation and Order Regarding Briefing Schedules on Motions To Dismiss/Compel." This memorandum order deals with both subjects, the first because of a Clerk's Office error that unfortunately created confusion in that respect and the second because one component of the proposed Stipulation will not be embodied in a court order.

As for the first subject, the welter of confusion that has been created by some of the litigants' activities in the case (the sort of thing that has given rise to the saying that "you can't

tell the players without a score card") was further fostered by the Clerk's Office's mistreatment of an earlier-addressed (and earlier-ruled-upon) motion (Dkt. 69) as still "pending." When attorney Cipriano stated the parties' intention to submit an agreed scheduling order in lieu of appearing on that first subject but then failed to do so, this Court conducted a May 1 status hearing and, in part, imposed sanctions on plaintiffs in the form of requiring their payment of fees incurred through the appearance of counsel for defendants Experian and Equifax. Based on the fact that the need for the May 1 hearing was occasioned by an internal error at the Clerk's Office level, rather than being laid at the plaintiffs' doorstep, this Court now reconsiders and vacates the sanctions portion of the May 1 order.

As for the second aspect of this memorandum order, this Court has long since abandoned the practice of setting a one-two-three sequence on pending substantive motions. Instead it sets dates for the initial motion and supporting memorandum and the responsive memorandum (or when a motion is brought on by counsel with a prior notice of presentment, this Court sets the date for the response at that time), with a status hearing date held shortly thereafter to discuss whether the movant or this Court considers that a reply is called for. That procedure will be followed here, and this Court's courtroom deputy will be in touch with the litigants' counsel and with pro se plaintiff Robin Zahran to set such a status hearing date.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 7, 2014