IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ILLINOIS, EASTERN DIVISION

ROBIN ZAHRAN

And KAREN ZAHRAN,

                            Civil Action

                     )    No. 1:13-CV-08804

      Plaintiffs,           )

                     )    Honorable Gary Feinerman

TRANSUNION CREDIT INFORMATION    )

SERVICES CO., EQUIFAX CREDIT        )

INFORMATION SERVICES, INC.,        )    **FILED**

EXPERIAN INFORMATION SOLUTIONS, INC.    )

BARCLAY BANK, REPUBLIC BANK OF ILLINOIS, )    JAN 1 5 2015

      Defendants.                    **THOMAS G. BRUTON**
                                          **CLERK, U.S. DISTRICT COURT**

### PLAINTIFF, ROBIN ZAHRAN, RESPONSE TO TRANSUNION'S MOTION FOR RULE TO SHOW CAUSE/ CONTEMPT OF COURT.

NOW COMES the Plaintiff, Robin Zahran, appearing pro-se and in his own behalf and respond to Transunion's motion (herein referred to as "TU") for "Rule to show cause/ contempt "for his wanton violation of this court order dated November 13, 2014 (doc. No. 161), the order and his knowing and continued abuse of the litigation process." And of, "Zahran, continued well-established pattern, has continually asserted false allegations, refused to conduct himself in a reasonable manner throughout discovery, improperly threatened disciplinary action in exchange for withdrawal of TU motions and threated additional litigation against TU council."

-A-

### TU's motion is clearly frivolous and is without legal basis or merits, requiring denial

It is well established under Federal Law that a contempt of court's motion must deal with an actual contempt of a court order **intentionally**, as nothing else will do. The proponent of a

1

civil contempt motion has the burden of proof to prevail on a request for a contempt finding and must prove two elements: (a) A court order that sets forth an unambiguous command, (b) the existence of the alleged contempt. *Nordock Inc. v. Systems Inc.,* 2014, U.S. Lexis 104746, July 21, 2014. TU's motion is based on the argument that Zahran failed to pay the attorney fee assessment sanction ordered by the court on 12/04/14. Zahran's failure to pay on that day or thereafter is based on the specific reasons advanced in Plaintiffs' motion to reconsider of which the court set a briefing schedule on 12/04/14 therefore rendering the November 13th order for attorney fees an intermediary non-final order, subject to revisiting, amending or change by the court at the conclusion of the scheduled hearing on the motion to reconsider. The timely filing of a motion to reconsider renders the underlying order non-final. Zahran's failure to pay was not in defiance of or a refusal to abide by the court's order whatsoever. *ICC v. Locomotive Engineers,* 482 U.S. 270, 107 S. Ct 2360 (1987). "When the party seeks a rehearing, there is always a possibility that the order complained of will be modified." *Outland v. CAB Log,* U.S. App. D.C. 90, 284 F2d 224, 227 (CA DC 1960), *United Transportation Union v. ICC,* 276 U.S. App. DC 374, 871 F2d 1114 (1989). *Royal MacCabees Life Insurance Co. v. Malachinski,* 2001 U.S. Dist. Lexis 3362 (March, 2001).

TU argues and infer that Zahran's complaint is based on false allegations at the time its answer to Plaintiffs' complaint's allegations admitted that it does not have enough information to either deny or admit to Plaintiff's allegations. Zahran's complaint allegations are not false as TU implies in lieu of its answer to Plaintiffs' complaint, and second there was nor is there any abuse of the litigation process by any standards nor is such claim even if true an element of contempt under the law. To prevail on a contempt findings, a moving party must establish by clear and convincing evidence that, (1) a court order sets forth an unambiguous command, (2) the alleged

contemnor violated that command, (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *United States Sec. v. Hyatt*, 621 F3d 687 (CA 7, 2010). The Defendant fails to meet the elements of contempt as declared under the Seventh Circuit case law, nor even attempted to support all of the required elements of contempt

The Plaintiffs' complaint is simply based on Defendant's direct violations of the federal statue through improper reporting of Plaintiffs' credit information and breach of contract causing the resulting damages. TU's Attorney Huse admitted to certain violations to this Plaintiff privately but levied the blame on others. He, in behalf of TU, offered to correct and to delete the erroneous information in exchange for dismissing Plaintiffs' complaint and for minimal cash payment to Zahrans' to which the Plaintiffs rejected. TU in fact removed certain of the erroneous information complained of which appeared on Zahran's credit report after the suit was filed.

TU, at the bottom of page 2, argues that, "Frequent pro-se Plaintiff, Robin Zahran, failed to pay the court's $4,062.77 fee awarded to TU ordered by the court on December 4, 2014," and that he **confirmed and refuses** to pay any such amounts." This statement is not only inaccurate and false but is being advanced for improper purpose to mislead the court. TU further represents and argues that, "Zahran is continuing his well-established pattern, has knowingly and continually asserted false allegations, refused to conduct himself in a reasonable manner throughout discovery, improperly threatened disciplinary action in exchange for withdrawal of TU's motions and threatened additional litigation against TU's council." None of these allegations, even if true, could support a charge of contempt of court. TU's self-serving poetic statements for the most part are conclusionary, inaccurate and unsupported representations by the facts of this case designed to inflame the court against Plaintiffs' and to create prejudice and to

3

further mislead the court. Such conduct of victimizing the victim of more should be closely scrutinized to avoid abusing the judicial system in order to prevail through advancing matters that are inaccurate and irrelevant to the issues before the court. nor are under its jurisdiction to begin with.

TU filed its motion for attorney fees and expenses, Here and in conformity to what Zahran disputed to the use of the term, "exchange" TU admits Zahran, demanded that TU withdraw the motion or plaintiff will request a Rule 11 sanctions," citing to Exhibit 29 of TU's supplement to the motion for fees and e mails exchanged between the parties. Clearly TU is utilizing the phrase exchange instead of the word demand utilized by Zahran to mislead the court and to create an argument of bad faith and bargaining against Zahran where none exists. Zahran did not offer an "exchange" as TU asserts. Zahran demanded the withdrawal of the motion for fees as was detailed in the motion to reconsider still pending before the court for determination. Simply there was no horse-trading or exchange attempt by Zahran, but there was a demand relating to these motions and nothing more. Quite the opposite. It is TU's attorney Huse, who offered an exchange to Zahran through offering to correct Zahrans' credit reports along with minimal payment and the abandonment of any claim for any discovery dispute or sanctions to be requested from the court by T.U. and a further promise to delete other negative reporting's by other suppliers of information including P.N.C.'s reporting opposite Judge Shadur's ruling that PNC reporting based on its' agreement with Zahran was a non-violation of the F.C.R.A. Zahran rejected Huse offer ,after which T.U. started its' filings of its' motions which Zahran believe is a method of extortion through utilizing the litigation process to force plaintiffs' submission and acceptance of T.U. offer of settlement as evidenced by the filings of T.U. last three motions. See Robin Zahran's declaration marked as **Exhibit 1.**

4

Filing a bad faith affidavit in any court, state or federal, is a violation of the rules and a party is free to file his grievance on such infraction with the regulatory agency supervising that attorney's conduct in the jurisdiction he or she is licensed. Zahran did not file a complaint as of now but he is with in his full right to do so if the infraction warrants a complaint. Moreover, Zahran believed and still believes the affidavit for fees and costs claiming fees starting on June 27, 2014 within a short time of receiving Plaintiffs' discovery requests for request to admit and production of document is made in bad faith and exaggerated the time allowable under Rule 37 since the fees allowable per Rule 37 should start after the parties reached an impasse and after the conference to resolve the disputes was had and failed to produce results which would have been after the July 30 conference. Zahran considered the filing of such grievence but after this court comments and reasoning's at the November 13 hearings were declared Zahran did not.

1. **The Issue of Protective Order.** T.U. chose to insert the matter of the protective order in this motion therefore compelling Zahran to respond, TU did not, nor had a need to move for protective order because The Plaintiffs never moved the court with a motion to compel answers nor demanded an answer while communicating with TU attorneys on resolving the confusion and the dispute relating to the number of the request to admit and the numbers of requests for production as Judge Shadur found upon the hearing on the motion for protective order finding that the issue of protective order is mute since the dispute and the motion relates only to the numbers which was resolved and did not relate to the contents of the requests. See judge Shadur's comments at the hearing of August 21, '14 and the dismissal order of TU's motion attached and marked as **exhibit 2.**

6

TU, concedes that the Plaintiffs submitted their response to the motion for protective order and requested from the court to reconsider its August 21st order granting TU attorney fees (doc. No. 151). TU instant motion to show cause advances the following statement and attributes it to the court, "In addition, the court explicitly warned the Plaintiffs that if they failed to pay the fee award by Dec. 4, 2014 deadline and Plaintiffs claims would be dismissed with prejudice against TU." TU's statement in that regard is inaccurate. The court said at the hearing: "They have to make that payment by Dec. 4th, 2014 and if the payment is not made, I will entertain a motion to dismiss the case for failure to comply with the court's order." Entertaining a motion to dismiss is a far cry from TU quoting the court as having said, "Plaintiffs claims would be dismissed against TU. With prejudice" Again, another example of flagrant misquoting the court and the record.

TU, in its second paragraph of its' motion, represents, "Plaintiffs have refused to pay the fees awarded and Zahran confirmed to TU's council during the Dec. 4, 2014 presentment hearing on unrelated motion that Plaintiffs have no intension of complying with the fee order". This representation is not only false but is being advanced falsely for improper purpose. It intentionally misstates Robin Zahran's statement to TU council in order to achieve desired results through utilizing false representations. See R. Zahran's declarations attached herein and marked as **Exhibit 3**. See also Karen Zahran declarations attached and marked as **exhibit 4**

Zahrans in fact brought a check with them on the day of the hearing of 12.4.2014 to pay to the clerk of the courts or to the defendant in the event the court denied their motion to reconsider but in lieu of the court's order setting a briefing schedule on the motion to reconsider, the plaintiffs did not request clarification on the issue of payment from the court. The plaintiffs out of courtesy and to clear the record regarding the payment approached TU's council at the conclusion of the hearing and informed him that the payment of fees with the Clerk of the

District Court or posting a bond would have to wait pending the outcome of the court's ruling on the motion to reconsider to which the court set a briefing schedule. Furthermore, Zahran informed TU's council that after the motion to reconsider is ruled upon, the Plaintiffs intend to file a motion with the court as the court suggested on Nov. 13, '14 in which the court stated that, "You can file a motion to request that the requirement that you pay the sanctions by Dec. 4th be modified in some way." In response to Zahran informing the court that he will appeal the court's rulings and that Zahran would post a bond for the amounts required if Zahran would be allowed to post a bond. The court in response responded stating, "Sure."

TU council after Zahran notified him of his understanding of the court's order relating to the motion to reconsider responded by stating the money is due now on that day regardless of the issue of posting a bond or the court's order relating to the motion to reconsider. Zahran after hearing the response from T.U. council requested him to join Zahran in asking the court to clarify the issue regarding payment to avoid confusion but he refused to address Zahran's suggestions. Zahran thereafter attempted to ask the court for clarification but the judge had already left the court room, Zahran thereafter asked the deputy clerk if we could have clarification on the issue of the payment to which she responded stating she will not inform the court nor ask the court to come back to address the matter.

TU at paragraph 3 of its memorandum argues that on Dec. 4th and Dec. 5th of 2014, Zahran e mailed to T.U. council, "threatened TU's council personally with litigation in state court and disciplinary action because of a request made of Plaintiff Karen Zahran's council (now withdrawn council Doug Cipriano) that Mr. Cipriano confirm that he will not be representing **Plaintiffs** in this action, as he had not made a formal appearance as required by Local Rule 83.16". But here again TU totally ignores and purposely fail to

inform the court of how this issue leading to these mail correspondence began nor is T.U. being candid with the court as to what triggered these e mail exchanges Moreover T.U omitted from the representation of its motion and purposely attorney Huse threatening e mail to Attorney Cipriano threatening him with a motion to show cause as to why he should not be held in contempt of court for dealing with either of Zahrans on any matter relating to this case and demanding from him to cease representation of **either** of the Plaintiffs in this matter See T.U. council e mail attached and marked as **exhibit 5.**

The chronology of what occurred and triggered these e-mails began immediately after the TU council left the hearings of December 4 2014, T.U. This e mail by T.U. council was being made knowing through discovery produced by Plaintiffs that Attorney Cipriano still represents Karen Zahran and the Bayshore Drive Trust, along with Abbas Zahran in the litigation with Bank of America. And still represents American Consumer Products Corp. interests in the litigation with Inland Real Estate relating to payments of $70,000 to carry an auction in the State of Alabama of property owned by ACPC of which Zahran was the majority stock holder, resulting in Zahrans direct losses in excess of $4,500,000 and contribution to ACPCs demise and bankruptcy and in Zahrans additional losses of direct investment in excess of $4,200,000 besides other consequential losses. This e mail and threat resulted in mudding the relationship between Mr. Cipriano and Zahrans at a great cost to be sustained in the future since Zahrans are being compelled to find new attorneys for representation or of council regarding their legal matters at the hour of most need. Yet T.U. attorneys claim and cry bad faith conduct for actions totally started by them See attorney Cipriano e. mail to Zahran marked as **exhibit 6**

TU's attorneys knew they have no right whatsoever to interfere with either of Zahran's relationships with Attorney Cipriano in any manner as Zahrans have the absolute right to choose or retain whomever they want for an advisor for any purpose legally authorized by law, including consulting on issues on this case- even after Attorney Cipriano's withdrawal of his appearance in behalf of Karen. TU's demand is a form of intimidation of Cipriano and these plaintiffs and meant to cause conflicts between Zahrans and their attorney through abuse of their status as attorneys for T.U. and was made for the improper purpose of depriving Zahran's of legal advice , and to prospectively save legal fees awardable to the plaintiffs in the event of prevailing on Zahrans' statuary claims.

This conduct is also in violation of their ethical duties based on the rule of professional conduct administered by the Supreme courts of both the state of IL and Indiana in addition to interfering into agreements and contracts between Zahrans and Cipriano and is actionable under both states laws. It is axiomatic that TU is going to the extent of interfering and threatening Attorney Cipriano with motions for sanctions and rule to show cause for helping Zahran in a legal matter. This threat is contrary to IL Law, Indiana Law and Federal Laws and an attempt to deprive Zahrans of independent advice outside of their own as Judge Shadur suggestion at one of his statements. See Judge Shadur's comments transcripts attached and marked as **Exhibit 7.**

Attorney Cipriano subsequent to TU notice and e-mail and due to family situation under these threats informed Zahrans that he will not be involved in any way as to this case based on Attorney Huse demands, Cipriano furthermore asked Zahrans to find other legal counsel as a result of T.U. threats, therefore forcing Zahrans to start the search for another attorney for either consultation or representations in this case or other legal matters at this time which is not in need of interruption due to discovery time restraints placed by the court in this case.

Zahrans, under our constitution are free to choose their own attorneys and consultants regarding any matter, including this litigation. Zahran's e-mail were proper response to T.U. attorneys based on their conduct as described since either of Zahrans have the absolute right to consult independently with any independent contractor, attorney, accountant, expert as they so choose. TU's attorney demand is an interference into contractual relationship between Zahrans and Cipriano that should not be condoned by this court. TU's aggressive conduct and interference could also be construed as a violation of IL code Section 183 and IL rules governing attorney professional conduct and duties to their opponents besides interference in contract. As could be observed, Zahran's e-mails to TU did not threat TU or its attorneys, since exercising a legal right or taking a course of action in response to wrongdoer conduct cannot be considered nor is a threat under the law. Moreover TU's attorneys conduct as shown in their e-mails to Cipriano is a separate issue from this case as the reasoning's and the underpinnings of their conduct is unknown, and regardless, it would be a state action and regulatory matter subject to and falls under the jurisdiction of the licensing authority in charge of these attorneys who committed the improper conduct since the wrong doers are not parties to this action which would raise jurisdictional issues before this court, moreover the attorneys conduct falls under the state regulation as set by that state Supreme court.

## -D-

## TransUnion's Statements and Representations to the Court relating to Zahran are Unfounded. Unsupported and improper

TU argues that Zahran failure to pay fees it is no surprise given his "well documented history of litigation abuse in this and other cases." This is false and unsupported. Moreover T.U. Is in violation of the 7th Circuit rules which prohibits the citation of a vacated court case order or

11

opinion. Judge Shadur also recognized that the order was vacated. See Judge Shadur's comments at the hearings on August 21 attached and marked as **exhibit 8**

Judge Nordberg vacated his own order upon findings of errors and erroneous findings in that order but T.U. disregarded the 7th Circuit rule on citations of vacated orders and furthermore ignored this court's statements in open court relating to adjucating this case on the merits of its own facts and nothing more **See court's comments dated November 13 marked as exhibit 9.**

T.U. represents further false statements by representing that Zahran refused to pay sanctions in prior cases but again Tucano cite to one single incident or sanctions unpaid in support of this false statement or any proof of such even though .TU admits in its motion at page 4 that no sanctions to their knowledge went unpaid and contradicts its' own representations as appears in their motion through its representation that "Indeed, Zahran has been sanctioned in at least four (4) prior cases, failed to pay the fines in three (3) such cases and only paid those sanctions four (4) years later."

TU further represents that, "Zahrans numerous, continued threats amounts to attempted extortion as courts have routinely held is improper," but Zahran did not threat, nor is there a proof of such whatsoever. Zahran is not extorting anyone or attempting to do so through exercising, intimidation, the truth is the opposite. TU attorneys are the ones who are exercising and attempting the extortion to achieve pleasing results through utilizing unpleasant methods by filings frivolous motions unsupported by facts or the existing and the governing laws, It is T.U. attorneys who began the last threats through T.U. filed motions including their attempts of driving a wedge between Zahrans and Cipriano to which they succeeded all of which is being exercised against Zahrans after they refused TU. settlement offers the last of which was on July

30 2014 and resorted to all acts, conducts, motion filings at intimidation to sway Zahran in dropping his claims by whatever means.

TU and its attorneys argue that the court held, "it is improper, unethical and sanctionable for parties to threaten administrative actions or otherwise extort other parties in order to resolve civil disputes. *Citing to Lopez v. Banureos and* a case from the State of Vermont. Zahran agrees that threats to extort or resolve civil disputes is improper and wrong. IL Law prohibits such conduct, but here the facts prove that T.U. is the party involved in the application of this conduct as evidenced by TU. Threatening letter to Zahran's attorney to not be involved with Zahrans in this case in any manner be in court or outside of court.

-E-

## CONCLUSION

Zahrans placed T.U. on notice that they he will be filing their motion to amend their complaint for breach of contract of 2003, fraud in the inducement and fraud against TU and the other defendants. Zahrans believe that placing T.U. on notice of Zahrans' intension to amend their complaint is the driving force behind its frivolous current motions to show cause and to dismiss plaintiffs complaint with prejudice based on erroneous interpretation of the law and the assertions of erroneous facts in support especially where this court issued a briefing schedule on Plaintiffs' motion to reconsider and of which no court decision on Plaintiffs' motion to reconsider have been rendered, Clearly, all this time and effort being spent on TU's motions is premature even if merited which is not in lieu of the pending motion to reconsider .

For all the above argument, Zahran prays that the Honorable Court deny TU's motion to show cause as to why Zahran should not be held in contempt of court because there was no

contempt whatsoever of any court order rendered in this case and to enter an order directing TU and its attorneys to refrain from filing briefs and motions not related to the issues of this case as noted by this court to the parties of this case and to cease from attacking Zahran on issues not related to this case or for any other order the honorable court deems proper, just and fair based on the governing laws.

Respectfully submitted

Robin Zahran

ROBIN ZAHRAN

And KAREN ZAHRAN,

        Plaintiffs,

TRANSUNION CREDIT INFORMATION
SERVICES CO., EQUIFAX CREDIT
INFORMATION SERVICES, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.
BARCLAY BANK, REPUBLIC BANK OF ILLINOIS,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

Civil Action

No. 1:13-CV-08804

Honorable Gary Feinerman

## APPENDIX OF THE EXHIBITS

1. Robin Zahran's Declaration regarding discovery and offer of settlements by TU

2. Judge Shadur's comments at the hearing on August 21, 2014 and order relating to the number of discovery requests and dismissal of the TU's Protective Order.

3. Robin Zahran's Declaration relating to conversations at the court, 12/04/14 with Attorney Schukit.

4. Karen Zahran's Declaration relating to conversations at the court, 12/04/14 with Attorney Schukit and the deputy.

5. TU's attorneys' e-mails dated Dec. 4, 2014 and other dates to Attorney Cipriano and Attorney Cipriano's e-mails to TU attorneys.

6. Attorney Cipriano's e-mail to Robin Zahran, dated Dec. 4, 2014.

7. Judge Shadur's comments relating to willfulness relating to discovery communications

8. Judge Shadur's comments relating to the vacating of Judge Norberg's order

9. Judge Feinerman's comments on Dec. 4, 2014 relating to the issues before him in Plaintiff's complaint.

1

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ILLINOIS, EASTERN DIVISION

ROBIN ZAHRAN )     Civil Action

And KAREN ZAHRAN, )     No. 1:13-CV-08804

)

Plaintiffs, )

)     Honorable Gary Feinerman

)

TRANSUNION CREDIT INFORMATION )

SERVICES CO., EQUIFAX CREDIT )

INFORMATION SERVICES, INC., )

EXPERIAN INFORMATION SOLUTIONS, INC. )

BARCLAY BANK, REPUBLIC BANK OF ILLINOIS, )

Defendants.

## DECLARATION OF ROBIN ZAHRAN

NOW COMES, Robin Zahran, and states under oath the following:

1. That I communicated with Attorney Huse, representing TU, through July 30, 2014.

2. That I explained to Attorney Huse that there was an error in submitting the Request to Admit and Request for Production of Documents and that since they were duplicative, the amounts should be split.

3. That I offered to him that we serve the same number of the Request to Admit and the Production of Documents at the same number of amount served on Plaintiffs by TU.

4. That Attorney Huse rejected that offer relating to the Request to Admit but I offered him to get back to me within seven (7) days regarding the Production request, as I offered to reduce the number of requests to similar numbers to TU.

5. Attorney Huse never got back to me on these proposals and filed TU's motion for Protective Order.

6. That Attorney Huse approached me on more than five (5) occasions asking for settlement demands to which I forward to him my demand.

7. That Attorney Huse, in the month of July, 2014, attempted to convince me and Attorney Cipriano that TU is prepared to delete all the negative information on both of the Plaintiffs' credit report, including P.N.C. Bank in exchange for releasing TU of liability.

8. That Attorney Huse, in July 29/30, 2014 before the Rule 37 conference, contacted me while we were waiting for Attorney Cipriano and again attempted to convince me of the same settlements proposal and TU's willingness to pay minimum amounts of money to which I rejected.

9. That I do not know what that minimum amount contemplated was.

Jan 5 - 2015

Respectfully submitted,

Robin Zahran



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBIN ZAHRAN and KAREN ZAHRAN,    )  No. 13 C 8804

          Plaintiffs,     )  Chicago, Illinois
                    )  August 21, 2014
-vs-               )  9:55 o'clock a.m.

PNC BANK N.A., et al.,      )

          Defendants.     )

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MILTON I. SHADUR

APPEARANCES:

For Plaintiff:
Robin Zahran:          MR. ROBIN ZAHRAN, pro se
                 721 Acorn Hill Lane
                 Oak Brook Illinois 60523

For Plaintiff
Karen Zahran:          GARDINER KOCH & WEISBERG
                 53 West Jackson Boulevard
                 Suite 950
                 Chicago, Illinois 60604
                 MR. DOUGLAS A. CIPRIANO

For the Defendant
Trans Union:          SCHUCKIT & ASSOCIATES
                 4545 Northwestern Drive
                 Zionsville Indiana 46077
                 BY:  MR. WILLIAM M. HUSE

Court Reporter:       ROSEMARY SCARPELLI
                 219 South Dearborn Street
                 Room 2304A
                 Chicago, Illinois  60604
                 (312) 435-5815

afternoon -- we proposed a reduction of -- a reduction of the

requests to admit to 60. And we had that review with

3   Mr. Huse on a conference call Tuesday afternoon, and he

4   expressed that point, that he and his client were still not

5   satisfied with that reduction.

6           THE COURT: Let me try it -- let me try, though,

7   with my question. Is it correct to say that your discussion

8   had simply been about numbers and that the substantive

9   content of whichever were going to be surviving has not yet

10  been resolved?

11          MR. CIPRIANO: Well, as I said earlier, we have

12  never had a substantive review, short of what now has been

13  presented in this motion, of what the exact objections were

14  going to be to individual requests to admit other than

15  number. So our discussions have always been focused on the

16  number.

17          THE COURT: Yes, that is what I was asking.

18          MR. CIPRIANO: And, yes, we have as of yesterday

19  proposed that plaintiff Robin Zahran submit 24 requests to

20  admit and Karen Zahran would present 23. I have the specific

21  24 and specific 23 in -- in a draft handwritten form that

22  requires amendment or revision on a word processor in order

23  to get it to Mr. Huse, but that is the only step in this

24  process that is still being --

25          THE COURT: That being the case, I think what I

understanding as to what we were going to present. And part

of that was to ask for him to take seven days and give us a

3    better idea, just give us some hint what your problems are,

4    other than simply there is just too darn many. We believe

5    that -- I think we always conceded, as is evidenced by the

6    result of the first Rule 37 conferral, that we weren't

7    looking for 85 times 2. We are willing to entertain the

8    notion that something else --

9           THE COURT: 85. You were not really looking for 85

10   times 2 essentially. I know that that adds up to 170. And

11   that is how they portrayed it. What you were looking for is

12   85. Okay? The 85 clearly went, as I read it, beyond the

13   bounds of what was legitimately to be called for. And the

14   idea of saying, "Well, we are now willing to -- we are

15   willing to back off. How are we willing to back off? Well,

16   one of us is only going to ask for 40, the other one is going

17   to ask for the other 40," so you have gained five, that is,

18   again, not a demonstration of the objective good faith that

19   is required of non-lawyers and of lawyers in connection --

20   and that is what Rule 11(b) is for, and, frankly, that is

21   what Section 1927 is for when it talks about lawyers who

22   vexatiously expand proceedings and end up having to bear the

23   tariff for a shift of lawyer's fees to begin with.

24          That is really -- you know, Judge Easterbrook some

25   years back referred to that as essentially stating the same

THE COURT: Of course. Look, I had this problem
that was raised in a different context in which also, as
chance would have it, the party was representing herself and
said, "Well, no submission ever got filed dealing with the
request for a fee allocation." And the response that I made
was that if you look at our rule -- maybe 53 -- that talks
about the procedures on sanctions or fees, what it says -- I
am sorry, it is 54, 54.3. What it says at the beginning is
that "Unless otherwise ordered by the court, this rule does
not apply to motions for sanctions under Rule 11 or other
sanctions provisions."

Well, this one is not a sanction necessarily as
such because it is -- Rule 37 specifically talks about that.
But the point that I made, and I would make here, is that it
is constructive to follow generally the same kind of
procedure that is involved here, that is, make an effort to
resolve the issue as between yourselves. And the kind of
timetable that is set up under Rule 54.3 is much too long.
What should be done is to confer, see about whether you can
reach agreement. To the extent that you can't, present it as
contested matter and I will deal with it.

I have not ruled on quantification at all in this
connection. I have said that the concept of whether fees
should be awarded in this one I think is answered yes. But I
have not again talked about the reasonableness of the amount

because I don't know what the amount is. And I expect the parties will confer about that and then get back to me either with the result of an agreement or with a -- with counter-positions to the extent that there is not agreement.

And I am not setting a timetable for that. My hope is that you will address that on a constructive basis just as Mr. Cipriano has said that the recent past on this motion has been constructive. So we will see.

MR. CIPRIANO: And not to put too fine a point on it, but maybe I am. So the substance -- so the substance of your ruling today -- and I will propose it -- in light of the agreement set forth in open court, the request for protective order is moot. However, you have reserved further ruling on the issue of a fee shift.

THE COURT: That is the request for the protective order is moot, and that is without prejudice to the issue of whether the ultimate request is an appropriate one. In other words, I am not ruling in substance on what the things are that are the substance of the request. You have just reflected an agreement on numbers only, as you have said several times.

MR. CIPRIANO: Exactly, your Honor.

THE COURT: Okay.

MR. LEWIS: Your Honor, if you are ruling that the motion is moot, is it also -- can we put on the record that

document during this first viewing. However, if the referenced
document is a transcript, the free copy and 30 page limit do not
apply.

### United States District Court
### Northern District of Illinois - CM/ECF LIVE, Ver 6,1
Notice of Electronic Filing

The following transaction was entered on 8/21/2014 at 3:36 PM CDT
and filed on 8/21/2014
Case Name:          Zahran et al v. PNC Bank N.A. et al
Case Number:        1:13-cv-08804
Filer:
Document Number: 140
Docket Text:
MINUTE entry before the Honorable Milton I. Shadur: Motion
hearing held on 8/21/2014. MOTION by defendant Trans Union
Credit Information Services Co. for protective order regarding
170 requests for admission and 47 requests for production [134]
is denied as moot because of the subsequent agreement that the
parties had reached as to the numbers of such requests, as
reported in open court, but Trans Union is held to be entitled to
an award of reasonable attorneys' fees for having been required
to file the motion [134]. Trans Union and plaintiffs are ordered to
confer promptly as to the amount of such fees and to advise the
Court of their agreement or disagreement on that subject. Denial
of the current motion [134] is without prejudice to a possible
disagreement as to the substance of the requests. MOTION and
stipulation [138] by Plaintiffs Karen Zahran, Robin Zahran to the
dismissal of plaintiffs' claims against defendants Citibank, N.A,
The Student Loan Corporation, and Discover Financial Services
with prejudice, with each party to bear its own costs and fees
[137], is granted. The motion [137] will not be heard on 8/22/2014.
Mailed notice(tip, )

1:13-cv-08804 Notice has been electronically mailed to:

Laura K. Rang     mpate@schuckitlaw.com,
rputerbaugh@schuckitlaw.com, lrang@schuckitlaw.com,
whuse@schuckitlaw.com

Todd A. Rowden     lmaples@thompsoncoburn.com,
pmoralesdoyle@thompsoncoburn.com,
sshawtell@thompsoncoburn.com, trowden@thompsoncoburn.com

William M. Huse     mpate@schuckitlaw.com,
rputerbaugh@schuckitlaw.com, whuse@schuckitlaw.com

Maria Teresa Pellegrini     mpellegrini@reedsmith.com



# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN ZAHRAN | ) | Civil Action |
| And KAREN ZAHRAN, | ) | No. 1:13-CV-08804 |
| | ) | |
| Plaintiffs, | ) | Honorable Gary Feinerman |
| | ) | |
| TRANSUNION CREDIT INFORMATION | ) | |
| SERVICES CO., EQUIFAX CREDIT | ) | |
| INFORMATION SERVICES, INC., | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | ) | |
| BARCLAY BANK, REPUBLIC BANK OF ILLINOIS, | ) | |
| Defendants. | | |

## DECLARATION OF ROBIN ZAHRAN

NOW COMES, Robin Zahran, and states under oath the following:

1. That I attending the hearing before the Honorable Judge Feinerman on Dec. 4, 2014.

2. That after the hearing was adjorned, I approached Mr. Schukit notified him that in lieu of the court's non-denial of Plaintiffs' motion to reconsider and setting up of the briefing schedule and the hearing in the future, that the order for payment is stayed until the hearing date and the court determination.

3. That Attorney Schukit responded that the money is due now, today, pursuant to court order.

4. That I requested from Attorney Schukit that we ask the court to clarify the issue but he responded that he is not willing to do so.

5. That I approached the deputy clerk, requesting from her to ask the judge for clarification as to that order but she replied that she would not do so.

6. That I had in my possession a check and I could have written out the check for the amount of money for sanctions to be placed with the clerk of the court or purchase a bond on that day, 12/04/14.

7. That I observed Mr. Schukit leave the building after I spoke with the deputy clerk.

8. That I notified the court at the hearing that I will be appealing the sanction order and the amounts of the sanctions to which the court replied to file a motion for modification of the order.

9. That the motion for reconsideration in my view and based upon my legal research rendered the order for sanctions and amounts intermediator order that could be revisited by the court which caused me not to place the funds with the clerk of the courts for security of payment.

Respectfully submitted,

Robin Zahran

Jan 5-2015



ROBIN ZAHRAN

And KAREN ZAHRAN,

         Plaintiffs,

TRANSUNION CREDIT INFORMATION
SERVICES CO., EQUIFAX CREDIT
INFORMATION SERVICES, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.
BARCLAY BANK, REPUBLIC BANK OF ILLINOIS,

         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action

No. 1:13-CV-08804

Honorable Gary Feinerman

## DECLARATION OF KAREN ZAHRAN

NOW COMES, Karen Zahran, and states under oath the following:

1. That Robin and I attended the hearing on 12/04/14.

2. That I brought my checkbook and was ready and able to place the funds with the clerk of the court for the sanctions on that date.

3. That Robin and I, in lieu of the motion to reconsider and the possible amending or changing the order, determined that we should wait on placing the funds with the clerk of the court or post the bond for the amount of the sanctions.

4. That I heard the conversations between Mr. Schuckit and I concur with Robin's Declarations relating to the conversations with Mr. Schuckit and with Robin's conversation with the deputy clerk.

Respectfully submitted,

Karen Zahran

5

12/15/2014

doug.cipriano@sbcglobal.net - att.net M

**William M. Huse**

To  me

CC  Laura Rang        12/04/2014

Dec 4

Mr. Cipriano:

We note that you have reached out to us on behalf of Robin Zahran and made numerous electronic filings on behalf of both Robin and Karen Zahran since the Court granted your motion to withdraw on October 2, 2014. Mr. Zahran has also stated that you have continued to consult on this matter (and are entitled to your fees for so doing) despite your prior withdrawal. Please confirm that you will no longer contact counsel for Trans Union on behalf of either Plaintiff, that you will cease electronically filing documents on behalf of either Plaintiff and you will cease any representation of either Plaintiff in this matter.

Should you fail to confirm that you will no longer contact Trans Union's counsel and that no future filings will be made by you, we will be left with no alternative but to file a motion for a show cause order why you should not be sanctioned or held in contempt for withdrawing your appearance yet continuing to represent Plaintiffs in this action.

Please advise immediately.

doug.cipriano@sbcglobal.net - att.net N

my participation or representation in connection with that filing. In response to your accusation of "numerous electronic filings" and without conceding any validity in your accusation, I do not anticipate any circumstances in which I would be asked to assist the Plaintiffs with an electronic filing.

Finally and most troubling, your demand suggests that I may no longer consult with the Zahrans regarding legal matters. This is not a proper demand. I have known the Zahrans professionally and personally for many years, and I consider them to be personal friends. Absolutely, I am entitled to continue my communications with the Zahrans, and your demand is entirely unprofessional and perhaps even tortious. That said, as you know well, I do not represent and have not continued a representation of either Plaintiff in this matter, to the extent that "representation" in this context requires an Appearance filed with the Court. At the same time, I do not understand the context or the substance of your accusation regarding "representation". You have identified neither the relevant facts nor the Rules applicable to your accusation. Please provide an explanation of your use of the term "representation."

In the absence of a satisfactory response to matters set forth above, I must forward your correspondence to State Bar and court authorities in all relevant jurisdictions, so that we might obtain the appropriate guidance regarding the extent to which I may continue my communications with the Zahrans.

Sincerely,

Douglas A. Cipriano
ARDC No. 6211419


Mr. Cipriano:

We note that you have reached out to us on behalf of Robin Zahran and made numerous electronic filings on behalf of both Robin and Karen Zahran since the Court granted your motion to withdraw on October 2, 2014. Mr. Zahran has also stated that you have continued to consult on this matter (and are entitled to your fees for so doing) despite your prior withdrawal. Please confirm that you will no longer contact counsel for Trans Union on behalf of either Plaintiff, that you will cease electronically filing documents on behalf of either Plaintiff and you will cease any representation of either Plaintiff in this matter.

Should you fail to confirm that you will no longer contact Trans Union's counsel and that no future filings will be made by you, we will be left

Mr. Huse,

I have not received a response to my correspondence dated December 4, 2014.  I am awaiting clarification and documentation regarding your accusations.  I construe your correspondence as alleging that I have engaged in unethical or illegal conduct in connection with my former representation of Ms. Karen Zahran in the matter of *Zahran v. Trans Union, LLC, et al.*, 13 cv 8804. I wish for you to state whether you believe that I have engaged in unethical conduct.  In any event, I must investigate whether you have transmitted your correspondence and your threats for an impermissible purpose in order to obtain an advantage in litigation.

Although I have no interest or Appearance on file in this matter, I must continue to contact your firm to the extent that  you have attacked me personally, and I must now defend myself in these proceedings.

Sincerely,

Doug Cipriano

me

To  whuse@schuckitlaw.com

BCC  Robin Zahran karen zahran     12/09/2014

Mr. Huse:

I have reviewed your email correspondence to me, dated December 4, 2014. I have attached below the text of your correspondence. I wish to know the actual reason for the threats directed at me. I do not know what I have done to provoke you, but I assure you that I will defend myself vigorously against your misrepresentations and attempts to threaten and to harass me.

First, I have never represented Mr. Zahran in this matter. If I have ever "reached out" to you or your firm in the matter referenced above regarding Mr. Zahran or his position, it was merely to assist with the Plaintiffs' communications - and not as the attorney of record for Robin Zahran. I have confirmed that fact in writing on more than one occasion. Next, I have checked my email records. I do not find any evidence that I have contacted you on behalf my former client, Karen Zahran, since the date on which I withdrew my Appearance, i.e., October 2nd. If I did contact your office via telephone, and perhaps I may have done so once, I intended only to assist with some communications and not to negotiate or to communicate a substantive matter regarding Plaintiffs' claims.

In order to assist my review and to assess the substance of your improper and unfounded demand below, please identify the dates on which I have "reached out" to you or your office. Because I have not contacted your office regarding any substantive matter, if at all, since the date of the withdrawal, I consider that a moot point. However, without conceding any validity in your accusation, I can assure you that I will have no further communications with your firm, except in defense of your recent accusation and threats against me. In fact, I cannot imagine any circumstances in which I would have a reason to contact you.

As for electronic filings, I object to your characterization regarding "numerous electronic filings". I believe that you are mistaken in this accusation. I assisted Ms. Zahran in an emergency filing on November 28th, in order to place a motion on the Court's docket in a timely manner. I did not assist the preparation of that document, and I did not file the document as the attorney for either Plaintiff. You will find no evidence in the documents or in the arguments regarding



**Subject:** Fw: Zahran, et al v. Trans Union, et al - ND IL - 13-cv-8604

**From:** Doug Cipriano (doug.cipriano@sbcglobal.net)

**To:** robinzahran@sbcglobal.net;

**Date:** Thursday, December 4, 2014 3:24 PM

Robin,

In the category of "No Good Deed Going Unpunished" - **See** below the threatening e-mail from Mr. Huse.

I appoint you as my attorney in this matter. How do you respond? Tortious interference with contractual relationship???? I will defer to you - as I surrender my law license.

Doug

On Thursday, December 4, 2014 2:55 PM, William M. Huse <whuse@schuckitlaw.com> wrote:

Mr. Cipriano:

We note that you have reached out to us on behalf of Robin Zahran and made numerous electronic filings on behalf of both Robin and Karen Zahran since the Court granted your motion to withdraw on October 2, 2014. Mr. Zahran has also stated that you have continued to consult on this matter (and are entitled to your fees for so doing) despite your prior withdrawal. Please confirm that you will no longer contact counsel for Trans Union on behalf of either Plaintiff, that you will cease electronically filing documents on behalf of either Plaintiff and you will cease any representation of either Plaintiff in this matter.

Should you fail to confirm that you will no longer contact Trans Union's counsel and that no future filings will be made by you, we will be left with no alternative but to file a motion for a show cause order why you should not be sanctioned or held in contempt for withdrawing your appearance yet continuing to represent Plaintiffs in this action.

Please advise immediately.



# SCHUCKIT
## & ASSOCIATES PC

William M. Huse, Esq.
SCHUCKIT & ASSOCIATES, P.C.
4545 Northwestern Drive
Zionsville, Indiana 46077
Telephone: (317) 363-2400
Facsimile: (317) 363-2257
E-mail: whuse@schuckitlaw.com

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBIN ZAHRAN and KAREN ZAHRAN,           ) No. 13 C 8804
                                          )
                    Plaintiffs,           ) Chicago, Illinois
                                          ) August 21, 2014
        -vs-                              ) 9:55 o'clock a.m.
                                          )
PNC BANK N.A., et al.,                    )
                                          )
                    Defendants.           )

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MILTON I. SHADUR

APPEARANCES:

For Plaintiff:
Robin Zahran:              MR. ROBIN ZAHRAN, pro se
                          721 Acorn Hill Lane
                          Oak Brook Illinois 60523

For Plaintiff
Karen Zahran:             GARDINER KOCH & WEISBERG
                          53 West Jackson Boulevard
                          Suite 950
                          Chicago, Illinois 60604
                          MR. DOUGLAS A. CIPRIANO

For the Defendant
Trans Union:              SCHUCKIT & ASSOCIATES
                          4545 Northwestern Drive
                          Zionsville Indiana 46077
                          BY:  MR. WILLIAM M. HUSE

Court Reporter:           ROSEMARY SCARPELLI
                          219 South Dearborn Street
                          Room 2304A
                          Chicago, Illinois  60604
                          (312) 435-5815

4 better idea, [illegible] what your problems are,
other than simply there is just too darn many. We believe
5 that -- I think we always conceded, as is evidenced by the
6 result of the first Rule 37 conferral, that we weren't
7 looking for 85 times 2. We are willing to entertain the
8 notion that something else --
9 THE COURT: 85. You were not really looking for 85
10 times 2 essentially. I know that that adds up to 170. And
11 that is how they portrayed it. What you were looking for is
12 85. Okay? The 85 clearly went, as I read it, beyond the
13 bounds of what was legitimately to be called for. And the
14 idea of saying, "Well, we are now willing to -- we are
15 willing to back off. How are we willing to back off? Well,
16 one of us is only going to ask for 40, the other one is going
17 to ask for the other 40," so you have gained five, that is,
18 again, not a demonstration of the objective good faith that
19 is required of non-lawyers and of lawyers in connection --
20 and that is what Rule 11(b) is for, and, frankly, that is
21 what Section 1927 is for when it talks about lawyers who
22 vexatiously expand proceedings and end up having to bear the
23 tariff for a shift of lawyer's fees to begin with.
24 That is really -- you know, Judge Easterbrook some
25 years back referred to that as essentially stating the same

standard as Rule 11(b;) and I think that is where he coined
-- I shouldn't say "coined." It probably didn't originate
with him, but that is where he used his pungent phrase
talking about empty head and pure heart not being a
justification for some position. You know, the -- I -- my
hope is that you are going to -- that this will be resolved,
but that doesn't alter what has been exposed by the motion.

And I am also impacted by the references to Robin
Zahran's prior history in connection with litigation. I will
tell you what I am planning to do, unless you tell me that it
should not be done. Our Executive Committee maintains a list
of what we call restricted filers, people whose past
performance has been such that they may not come in with
further litigation without first clearing it with the
Executive Committee. I am not a member of the Executive
Committee. I was years ago, but that rotates through our
court.

But I think that Mr. Robin Zahran has demonstrated
by past performance -- you know, I saw -- I read John
Nordberg's opinion from years back. And I know that that got
withdrawn. I am not going to ask the circumstances under
which it got withdrawn. But I will tell you he had it dead
to rights in terms of what he was talking about there. And I
think that a therapeutic effort is appropriate along the
lines that I have talked about.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBIN ZAHRAN and KAREN ZAHRAN,   )  No. 13 C 8804
                  Plaintiffs,  )  Chicago, Illinois
                             )  August 21, 2014
-vs-                      )  9:55 o'clock a.m.

PNC BANK N.A., et al.,       )

                  Defendants.  )

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MILTON I. SHADUR

APPEARANCES:

For Plaintiff:          MR. ROBIN ZAHRAN, pro se
Robin Zahran:         721 Acorn Hill Lane
                      Oak Brook Illinois 60523

For Plaintiff          GARDINER KOCH & WEISBERG
Karen Zahran:         53 West Jackson Boulevard
                      Suite 950
                      Chicago, Illinois 60604
                      MR. DOUGLAS A. CIPRIANO

For the Defendant      SCHUCKIT & ASSOCIATES
Trans Union:          4545 Northwestern Drive
                      Zionsville Indiana 46077
                      BY: MR. WILLIAM M. HUSE

Court Reporter:         ROSEMARY SCARPELLI
                      219 South Dearborn Street
                      Room 2304A
                      Chicago, Illinois  60604
                      (312) 435-5815

standard as Rule 11(b,) and I think that is where he coined -- I shouldn't say "coined." It probably didn't originate with him, but that is where he used his pungent phrase talking about empty head and pure heart not being a justification for some position. You know, the -- I -- my hope is that you are going to -- that this will be resolved, but that doesn't alter what has been exposed by the motion.

And I am also impacted by the references to Robin Zahran's prior history in connection with litigation. I will tell you what I am planning to do, unless you tell me that it should not be done. Our Executive Committee maintains a list of what we call restricted filers, people whose past performance has been such that they may not come in with further litigation without first clearing it with the Executive Committee. I am not a member of the Executive Committee. I was years ago, but that rotates through our court.

But I think that Mr. Robin Zahran has demonstrated by past performance -- you know, I saw -- I read John Nordberg's opinion from years back. And I know that that got withdrawn. I am not going to ask the circumstances under which it got withdrawn. But I will tell you he had it dead to rights in terms of what he was talking about there. And I think that a therapeutic effort is appropriate along the lines that I have talked about.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBIN ZAHRAN and KAREN
ZAHRAN,

        Plaintiffs,

  -vs-

TRANSUNION CREDIT
INFORMATION SERVICES CO.
EQUIFAX CREDIT INFORMATION
SERVICES, INC., EXPERIAN
INFORMATION SOLUTIONS, INC.,
CREDITOR INTERCHANGE, LLC,
STUDENT LOAN CORPORATION
BARCLAY BANK, REPUBLIC BANK
OF ILLINOIS, LaSALLE BANK,
and BANK OF AMERICA,

        Defendants.

Case No. 13 C 8804

Chicago, Illinois
December 4, 2014
9:45 a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE GARY FEINERMAN

APPEARANCES:

For the Plaintiffs:

        MR. ROBIN ZAHRAN, Pro Se
        721 Acorn Hill Lane
        Oakbrook, Illinois 60523
        (630) 573-1000

        MS. KAREN ZAHRAN, Pro Se
        721 Acorn Hill Lane
        Oakbrook, Illinois 60523
        (630) 573-1000

Court Reporter:

        CHARLES R. ZANDI, CSR, RPR, FCRR
        Official Court Reporter
        United States District Court
        219 South Dearborn Street, Suite 2128
        Chicago, Illinois 60604
        Telephone: (312) 435-5387
        email: Charles_zandi@ilnd.uscourts.gov

1 the record. You think I'm going to read it and be horrified
2 by you and conclude I can't be fair to you and, therefore, I'm
3 going to recuse myself. But it's not going to work.

4 I don't -- the only thing -- the only thing I -- the
5 only thing I know about you or I care about you as a person is
6 that you are a plaintiff, and you are a borrower, and you are
7 having trouble -- you believe that your creditors have
8 violated federal law. That's the only thing I know about you,
9 and that's the only thing I care about you for purposes of
10 this case.

11 So, I think you were trying to poison the well. It's
12 not going to work. You may be trying to play the ref by
13 saying -- by putting all this stuff in the record that you
14 think will incline me against you so that when you come to me
15 with other things, I'll think in the back of my mind, "Oh, I
16 have to bend over backwards for Mr. Zahran in order to be fair
17 to him to prove that I'm not biased against him because he's a
18 Palestinian." It's not going to work.

19 MR. ZAHRAN: Your Honor, I'm an American.
20 THE COURT: So --
21 MR. ZAHRAN: May I explain, your Honor?
22 THE COURT: And, Mr. Zahran, so -- so, none of the
23 stuff you put in the motion is grounds for recusal or
24 disqualification.

25 And I'll just add parenthetically that I ruled in